| | | |
|---|---|---|
| DARTEZ, REBECCA<br>VS. 2009-005946<br>FOREMOST INS CO | Citation<br> | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO: FOREMOST INSURANCE COMPANY
THROUGH LOUISIANA SECRETARY OF STATE
Baton Rouge, LA 70809

SERVED ON
JAY DARDENNE

JAN 15 2010

SECRETARY OF STATE
COMMERCIAL DIVISION

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of REBECCA DARTEZ, (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 15th day of December 2009.

Issued and delivered December 28, 2009

Byron Wilkinson
Deputy Clerk of Court

---

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE $ _____   BY: _____
                              Deputy Sheriff
MILEAGE $ _____

TOTAL $ _____

Party No.   P001

Filing Date: 12/28/2009 03:55 PM   Page Count: 1
Case Number: 2009-005946
Document Name: Citation

[Service Copy]
CMS0085

Page 1 of 1

You Are Hereby Notified - Civil

DARTEZ, REBECCA
VS. 2009-005946
FOREMOST INS CO



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO: FOREMOST INSURANCE COMPANY
THROUGH LOUISIANA SECRETARY OF STATE
Baton Rouge, LA 70809

YOU ARE HEREBY NOTIFIED: YOU ARE TO COMPLY WITH THE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS WITHIN THIRTY (30) DAYS OF SERVICE HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 15TH day of DECEMBER 2009.

Issued and delivered December 29, 2009

Byron Wilkinson
Deputy Clerk of Court

---

**SERVICE INFORMATION**

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE  $ _____      BY: _____
                                Deputy Sheriff
MILEAGE  $ _____

TOTAL $ _____

Party No.  P001

---

[ Service Copy ]
CMS0035

Filing Date: 12/29/2009 09:24 AM    Page Count: 1
Case Number: 2009-005946
Document Name: You are Hereby Notified - Civil

Page 1 of 1

| | |
|---|---|
| REBECCA DARTEZ | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2009-005946 | PARISH OF CALCASIEU |
| FOREMOST INSURANCE COMPANY | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, comes Petitioner, Rebecca Dartez, a competent adult domiciled in Calcasieu Parish, Louisiana, who respectfully represent as follows:

FILED DEC 15 2009

/s/ Darnell Palmer
Deputy Clerk of Court
Calcasieu Parish, Louisiana

1.

Made defendant is Foremost Insurance Company ("Foremost"), a foreign insurer authorized to do and doing business in the State of Louisiana, which can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

On or about December 24, 2008, Petitioner's home and all of its contents located at 805 Topsy Road, Trailer 64, Lake Charles, Louisiana 70611, were destroyed by a fire.

3.

At the time these losses occurred, Petitioner had in force a policy of insurance with Foremost covering the aforementioned damages, which provided coverage for all of the damages and losses sustained as a result of the aforementioned fire.

4.

These losses were timely reported to Foremost, and despite the fact Foremost was timely and promptly provided with satisfactory proof of loss by Petitioner of her damages caused by the aforementioned fire, Foremost has refused to pay the full damages caused by the fire, specifically the full amounts owed under its policy for loss contents and additional living expenses.

5.

There is no doubt Foremost arbitrarily, capriciously, and/or without probable cause has failed to pay Petitioner's full damages long past the delays allowed for payment in La. R.S. 22:1892 (formerly 22:658). Therefore, Foremost is liable to Petitioner for statutory penalties of 50% of the additional amounts due and owing under its policy plus reasonable attorney's fees and costs all under La. R.S. 22:1892. Furthermore, under La. R.S. 1973(A) (formerly La. R.S. 22:1220(A)), Foremost is additionally liable for general and special damages suffered by Petitioner. In addition

to general and special damages under La. R.S. 22:1973(A), Foremost is liable for a penalty under La. R.S. 22:1973(C) of up to two times the amount due under La. R.S. 22:1973(A) but no less than $5,000.00.

6.

As a result of the foregoing, Petitioner seeks damages for the remaining amounts due and owing under Foremost's insurance policy, plus penalties, damages, attorneys' fees, interest, costs, other such other damages as are reasonable in the premises, and any and all other relief allowed by law.

7.

Petitioner is entitled to and hereby requests a trial by jury.

WHEREFORE, Petitioner, Rebecca Dartez, prays that there be judgment in her favor and against defendant, Foremost Insurance Company:

(1) Awarding Petitioner all remaining damages sustained that are covered under defendant's insurance policy;

(2) Finding defendant liable to Petitioner for statutory penalties, damages, and attorneys' fees under La. R.S. 22:1892 and/or 22:1973 and awarding same to Petitioner;

(3) Finding all costs be assessed against the defendant in this matter and for judicial interest from date of judicial demand until paid; and

(4) Awarding such other damages as are reasonable in the premises and granting all other just and equitable relief allowed by law.

Respectfully submitted,

THE HANCHEY LAW FIRM, L.L.C.

DAVID H. HANCHEY #19927
DAVID B. GREEN #27229
P. O. Box 2210
Lake Charles, LA 70602
Telephone: (337) 436-5551
Facsimile: (337) 436-5552

**PLEASE SERVE**
Foremost Insurance Company
Through its agent for service of process:
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

A TRUE COPY
Lake Charles, Louisiana

DEC 21 2009

Page 2 of 2

| | | |
|---|---|---|
| REBECCA DARTEZ | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2009-005946 D | : | PARISH OF CALCASIEU |
| FOREMOST INSURANCE COMPANY | : | STATE OF LOUISIANA |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, FOREMOST INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Rebecca Dartez, pursuant to the provisions of Articles 1457-58 and 1469 of the Louisiana Code of Civil Procedure, and propounds the following written discovery interrogatories to defendant, which interrogatories are to be answered categorically and under oath individually within thirty (30) days from service upon defendant.

Plaintiff further propounds herewith upon defendant requests for production of documents pursuant to the provisions Articles 1461, 1462 and 1469 of the Louisiana Code of Civil Procedure, which requests are to be responded to categorically and individually within thirty (30) days from service upon defendant.

These interrogatories and requests are deemed to be continuing to the fullest extent as provided by Article 1428 of the Louisiana Code of Civil Procedure.

FILED DEC 15 2009

### INTERROGATORIES

/s/ Darrell Delaune
Deputy Clerk of Court
Calcasieu Parish, Louisiana

#### INTERROGATORY NO. 1:

Please give the name, current address, current employer and job title, and current phone number of each person known to you, your agents, your investigators or your attorneys, to have knowledge of any discoverable information, and any information in any manner related to any claim or defense which is the subject of this litigation.

#### INTERROGATORY NO. 2:

Please state the name, address, telephone number and capacity of the officer or agent answering, and, if applicable, the name, address telephone number and capacity of each and every officer or agent assisting in answering, these interrogatories.

#### INTERROGATORY NO. 3:

Identify each person who you have retained as an expert witness, consultant, advisor, and/or who you may call as an expert witness at the trial of this matter for purposes of testifying on any issues.

**INTERROGATORY NO. 4:**

For the time period from when Plaintiff first obtained the subject policy of insurance through the date you were served with process and a copy of Plaintiff's Petition, did you use; maintain; provide for your agents, employees, adjusters or representatives; or expect your agents, employees, adjusters or representatives to use: any software, hardware, communications system, diary system, computer program, network or other system by which you (or your employees, adjusters, adjusting firms, agents and/or representatives) could

    a. make or record notes, instructions, diaries, actions taken, investigations conducted, individuals contacted, content of conversations, and/or impressions regarding clients, insureds, claims, underwriting, or any facts or information in any way related to your insureds and/or your policies of insurance, including but not limited to policy underwriting and claims processing and adjustment;

    b. communicate with or among you, your employees, agents, adjusters, representatives, coverage counsel and/or adjusting firms by electronic or computerized means including any form of E-mail?

**INTERROGATORY NO. 5:**

State the names, addresses and telephone numbers of all persons, including experts, you intend to and/or may call as witnesses at the trial of this cause.

**INTERROGATORY NO. 6:**

Please provide the following information about <u>each</u> individual who was in any manner involved with the subject policy of insurance and/or Plaintiff's claims on the subject policy which gave rise to the this litigation (including but not limited to individuals involved as agent, underwriter, adjuster, claims supervisor, trainer, claims processor, legal advisor, decision maker, coverage counsel, investigator, contractor, expert, coverage counsel on whose advice you relied in denying any of the Plaintiff's claims, and those who were otherwise involved with the subject policy and/or the subject claims in any manner whatsoever):

    a.    name;

    b.    description of how the individual was involved with the subject policy and/or claims,

    d.    job title as it was at the time of the referenced conduct;

    e.    employer at the time of the referenced conduct;

    f.    immediate supervisor at the time of the referenced conduct;

    g.    current employer;

    h.    current job title; and

    i.    current address.

**INTERROGATORY NO. 7:**

Please state any and all facts, if any, which you contend in any way support your failure and/or refusal to pay some or all of the claims made by the Plaintiff under the subject policy of insurance.

**INTERROGATORY NO. 8:**

Describe, in detail, any and all actions taken by you, or anyone acting on your behalf, to process, adjust, investigate, resolve and/or conclude the Plaintiff's claims for insurance policy benefits from the fire which is the subject of this lawsuit through the time you were served with process in this litigation. Include in, but do limit your response to, the following items of information:

a. the date each and every such action(s) was taken;

b. the name, address, telephone number, employer and job title of every individual involved in such action(s);

c. a detailed description of the actions taken by each and every individual involved in each and every aspect of each and every investigation(s);

**INTERROGATORY NO. 9:**

Describe in detail any and all conversations you (and/or your agents or representatives) had with the Plaintiffs following any and all requests to pay policy proceeds following the fire which is the subject of this lawsuit.

**INTERROGATORY NO. 10:**

Did you make any estimates on the cost of repairing and/or replacing the damages caused by the fire which is the subject of this lawsuit? If yes, state the amount of your estimate, and describe the process, including identification of any and all tables, material cost charts and/or comparatives you utilized therein, by which you reached your estimate.

### INTERROGATORY NO. 11:

Identify and describe any and all payments you and/or your adjusters or assigns made to the Plaintiff for claims made under the subject policy of insurance. Include in, but do not limit your response to:

    a. The amount of each payment, if any, how the amount was calculated, and what losses, repairs and/or replacements each payment was intended to cover;

    b. The manner in which the benefits of each payment were explained to the Plaintiff, if at all, including the identity, by name, address, telephone number, employer and job title at the time of the referenced conduct, and present employer and job title, of each individual who made each alleged explanation of benefits, and including a description of any and all documents and other materials through which benefits were allegedly explained to the Plaintiff;

    c. The date each payment was made; and

    d. A description of any and all work done to determine the amount of each such payment.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Any and all written policies, procedures, guidelines, recommendations, and standards of any type you provided to the adjusters and/or investigators assigned to the Plaintiff's claims, and/or which you recommended and/or required said individual(s) to consider when adjusting and/or investigating the Plaintiff's claims.

### REQUEST NO. 2:

Any and all written policies, procedures, guidelines, standards, memoranda, reference materials and documents, software or computer programs of any type, whether internal, industry, State and/or Federal, which in any manner address application, underwriting and/or issuance of your insurance policies in Louisiana of the type which is the subject matter of this lawsuit, which were in effect at the time the subject policy(s), and any and all renewals thereof, were issued, and specifically including any and all such materials that were made available to any and all individuals involved in the application, underwriting and issuance of the subject policy of insurance.

**REQUEST NO. 3:**

All documentation and materials, of every kind and description, in your possession, custody or control, in any manner related to the Plaintiff, the subject policy of insurance, the agent(s) who solicited and sold the subject policy of insurance, the adjuster(s) and supervisor(s) involved in the processing and/or adjustment of the Plaintiff's claims, and/or each of the Plaintiff's claims under the subject policy of insurance, including but not limited to:

a. any and all documents and other materials (including information stored in any written, electronic, videographic or photographic form) related in any manner to the application process through which the subject policy(s) of insurance and renewals thereof were solicited, marketed, issued, brokered, delivered or otherwise procured;

b. any and all documents and other materials (including information stored in any written, electronic, videographic or photographic form) related in any manner to the underwriting process for the subject policy of insurance and any and all renewals thereof, and specifically including the entire underwriting file(s);

c. certified copies of any and all contracts of insurance, including any and all addendums, endorsements and modifications, if any, and including any and all applications, by and between you, and/or your predecessor entities, and the Plaintiff, whether said contract(s) of insurance are terminated, rescinded, canceled, expired and/or currently in effect;

d. any and all cancellation notices, billing statements, reinstatement notices, customer notices, premium notices, premium statements, premium histories, and any other documents (including those stored in any written, electronic, video graphic or photographic form) in your possession, custody or control which pertain to any and all policies of insurance issued to the Plaintiff;

e. transcripts of any and all recorded statements of the Plaintiff, and any and all notes and/or other writings purporting to memorialize statements made by the Plaintiff;

f. any and all claims files and/or adjusting files and/or investigation files. This request covers any and all claims related materials, including but not limited to documentation of the claim such as

   i. All inter-office and intra-office correspondence and communication, including written and electronic communication, by and between any employees, agents, representatives, officers, adjusters, investigators, consultants, experts, contractors and/or other personnel acting on your behalf, relating in any manner to the initial reporting of and processing

evaluation, payment of and/or denial of the Plaintiff's claim(s) and/or supplemental claims under the subject policy of insurance in the possession, custody and/or control of you, your employees, agents, representatives, officers, adjusters, investigators, consultants, experts, contractors, attorneys and/or other personnel acting on your behalf;

viii. All written and/or electronic and/or photographic and/or videographic documents and materials pertaining to losses sustained by Plaintiff, for which Plaintiff called, wrote or in any way contacted you to request you provide benefits under the subject policy of insurance, and including any and all responses of you to said requests;

ix. Any and all documents and materials of any sort, generated by you, your employees, agents, representatives, officers, adjusters, investigators, consultants, experts, contractors and/or anyone else acting on your behalf, regarding the extent of damage to the Plaintiff's real and personal property and the reasons for payment or denial of the Plaintiff's claims;

x. All correspondence, notes, field notes, diaries, logs, tape recordings, transcripts of dictation, reports, draft reports, memoranda, draft memoranda, and documents or recordings of any type whatsoever (including electronic, audio, photographic and written materials) generated by employees, agents, representatives, officers, adjusters, investigators, consultants, experts, contractors and/or any one else involved, in any manner, in the adjusting, processing, investigating, determining the validity of and/or reviewing Plaintiff's claims.

**REQUEST NO. 4:**

Produce all documents and other materials utilized, referenced and/or relied upon by you, your agents, officers, employees, adjusters, investigators, consultants, and/or experts, and/or any other independent adjuster or third party acting on your behalf, in reaching any conclusion regarding the Plaintiff's claims made under the subject policy of insurance, including but not limited to all claims manuals, procedure manuals, adjusting templates, adjusting forms, proofs of loss, books, tables, depreciation tables, guides, price lists, investigative reports, expert and/or consultant opinions, or similar documents or materials of any sort utilized and/or referenced to determine the nature of Plaintiff's claims, the degree of Plaintiff's damages and/or losses, coverage for Plaintiff's claims under the subject policy of insurance, valuation of destroyed and/or damaged real and personal property, the methods of computation to be used for arriving at valuation figures for the real and personal property items, the

identification and assimilation of reports, calculations, estimates and the like to be relied upon in determining the damage to the real property and replacement of the items of personal property contained therein and/or to determine what losses were covered, and for what dollar value, under the subject policy of insurance.

**REQUEST NO. 5:**

Please produce certified copies of any and all insurance policies issued by you to Plaintiff which were in effect at the time of the fire which is the subject of this lawsuit.

Respectfully submitted,

THE HANCHEY LAW FIRM, L.L.C.

DAVID H. HANCHEY #19927
DAVID B. GREEN #27229
P. O. Box 2210
Lake Charles, LA 70602
Telephone: (337) 436-5551
Facsimile: (337) 436-5552
Email: david@hancheyfirm.com

**PLEASE SERVE**
Foremost Insurance Company
Through its agent for service of process:
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

DEC 2 1 2009